No. 3785

Second Circuit
(Second Division)

———

DEMOSS v. WILSON

———

(May 7, 1931. Opinion and Decree.)

———

A. M. Wallace, of Benton, attorney for plaintiff, appellee.

Wm. M. McDonald, of Shreveport, attorney for defendant, appellant.

CULPEPPER, J.  Plaintiff sues to recover $800 alleged to be due him by defendant for rent for 1924, 1925, 1926 and 1927, on 20 acres of land which plaintiff recovered from defendant in a petitory action instituted in 1924 or 1925.

Two hundred dollars of the amount claimed is for the year 1924 under an alleged rent contract.  The remaining sum is upon a quantum meruit basis of $200 each year for the remaining years mentioned.  The allegation is that, after the expiration of 1924, defendant refused to surrender the property and continued to occupy it throughout 1925, 1926 and 1927, cultivated it and raised crops thereon; and that the rent for those three years amounted to fully $200 a year.

Defendant, answering, admits he occupied and farmed the land during the four years named, but alleges that he did so in good faith, believing himself to be the owner, and that he surrendered the property only after the judgment in the petitory action became final.  He denies that he rented the land from plaintiff for 1924 as alleged; denies he ever at any time rented it from plaintiff.  He denies the rent for the years alleged upon by plaintiff was worth or amounted to the sum or sums alleged.

Defendant, in connection with his answer, reconvened for the alleged expenses for clearing 11 acres of the land at $20 an acre; for eight rolls of net wire at $6.25 per roll; four rolls of barbed wire of the value of $4 per roll; hauling 400 posts to fence land at $1 per 100; one pump of the value of $14; and for $50 for labor in building wire fence.  The

total amount for which he reconvened is shown to be $354.

Upon the issues as thus presented the case was tried, resulting in a judgment in favor of plaintiff for $340 upon the main demand, and for defendant in the sum of $187 upon his demand in reconvention.

Plaintiff and defendant were taxed equally for costs. Defendant appealed.

Plaintiff has answered the appeal, praying that the judgment be amended by increasing the amount awarded him in the lower court to $700, and taxing defendant with all costs.

At the conclusion of taking testimony defendant filed a plea of prescription of three years against the claim for rent for 1924. This plea does not appear to have been passed upon by the court. Counsel for defendant now urges that the plea should be sustained. He states that the original petitory action hereinabove referred to was filed in 1925. This seems to be the first statement shown anywhere just when that suit was filed. The record does not show when that suit was filed.

If the petitory action was instituted in 1925, no rent for 1924 would be due by defendant. No doubt he was occupying the property in good faith as owner up to the time the suit was filed. Pecot v. Prevost, 117 La. 765, 42 So. 263. We do not know how the lower court viewed this question of the 1924 rent. The testimony showed strongly that no crop was raised on the land that year on account of overflow, and that would be a good reason for defendant not being chargeable with rent. The judgment of the lower court does not reflect any rent charge for the year in question. The judgment was in favor of plaintiff for only $340, which would be sufficient to cover rent for only two years on

the basis of the cultivation of 17 acres at $15 per acre. There was some testimony to the effect that there were some 3 or 4 acres of the 20-acre tract that were uncultivatable, and it is quite likely the judge took this into consideration and made the calculation on the basis above mentioned. It is conclusive from the evidence that the judge disallowed rent for 1927 on account of the general overflow in that year and no crop made. It will be noted that the land in question is Red river bottom land. In years of extreme high water it goes many feet under water, and in ordinary high water, such as was in 1924, according to some of the testimony, this land nearly all goes under from back water · in a bayou which runs through it. Under any view of the case, whether the judge sustained the plea of prescription or disallowed rent for 1924, the result would be the same, and we find no error in his ruling.

Plaintiff filed a plea of prescription of three years in this court against defendant's claims in reconvention, upon the ground that the clearing and other improvements for which reimbursement is claimed were all placed on the land between the years 1918 and 1924, according to the evidence. The plea of prescription, we think, is not good for the reason that defendant was a possessor of the property in good faith and has the undisputed right to offset rents with the value of materials and price of workmanship for improvements which he had placed on the land. It was not incumbent upon defendant to even make a demand for reimbursement until plaintiff elected whether he would require defendant to remove the improvements which could be removed, or plaintiff retain them; or reimburse defendant a sum equal to the enhanced value to the soil by the improvements which could not

be removed, such as the clearing of the land. Plaintiff has not made this election in so many words. Neither has he submitted any proof as to the enhancement of the value of the soil by reason of the improvements. The right in defendant to make these demands did not accrue until plaintiff made his elections or choice. It might be inferred, however, that plaintiff has contented himself with the position defendant has taken, that of a settlement on the basis of the retention by plaintiff of the improvements and reimbursing defendant for the value of materials and price of workmanship.

"If the owner wishes to pay enhanced value of soil," (instead of value of improvements and price of workmanship) "he must show by evidence what that is." Hutchinson v. Jamison, 38 La. Ann. 150.

Proof has been administered by defendant with regard to the value of materials and price of workmanship, and we shall predicate our opinion on it, as it may be fairly assumed that plaintiff was content with the election defendant has made. The proof submitted as to the value of materials and price of workmanship is rather vague and indefinite. Practically the only testimony in this respect is that of defendant himself. The trial judge gave judgment upon the demands in reconvention for $165. He evidently was of the opinion that the evidence was such as to warrant that amount, no more nor no less. It is well settled that in cases where the evidence is vague and uncertain the judgment upon appeal will not be disturbed. We see no good reason to do so in this case.

Plaintiff also urges that costs of both courts be decreed to be paid by defendant. In view of the reconventional demands made and the award thereon, we see no reason to change the ruling of the lower court in that respect.